UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                   Case No. 11-31816-BKC-RAM

HALA MASSANI,                                            Chapter 7

      Debtor.

_____/

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT BETWEEN THE TRUSTEE AND NICHOLAS A. HARVEY AND APPROVE CONTINGENCY FEE AND OTHER DISBURSEMENTS FROM PROCEEDS

Soneet R. Kapila, Chapter 7 trustee of the above-referenced bankruptcy case (the "Trustee"), by undersigned counsel, pursuant to 11 U.S.C. § 328, Fed. R. Bankr. P. 9019 and Local Rules 9019-1, requests the Court enter an order approving the settlement between the Trustee and Nicholas A. Harvey ("Harvey"), and approving the payment of the Trustee's special counsel's contingency fee associated with the settlement and other disbursements from the proceeds, and in support thereof states as follows:

1.     This case was commenced by the filing of a voluntary Chapter 7 petition by Hala Massani (the "Debtor") on August 3, 2011 (the "Petition Date").  Soneet R. Kapila was appointed interim trustee and became permanent trustee by operation of law.

2.     Prior to the Petition Date, the Debtor sustained personal injuries from an accident that resulted in a personal injury claim against Nicholas A. Harvey.

3.     Accordingly, as of the Petition Date, the Debtor had a personal injury claim against Harvey, which became property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, upon the commencement of this bankruptcy proceeding.

4.     On December 29, 2011, the Trustee filed his Application for Employment of Special Counsel [ECF No. 41] (the "Application"), whereby the Trustee requested that the Court approve the employment of Rima Bardawil, Esq. ("Bardawil") to represent him as special

counsel, for the purpose of pursuing the personal injury claims, on a 40% contingency fee basis, as set forth in the Application.

5.     On January 23, 2012, the Court granted the Application [ECF No. 44] (the "Employment Order") and authorized the employment of Bardawil, on a contingency fee arrangement, as set forth in the Application.

6.     Bardawil was able to obtain a settlement of the personal injury claims in the gross amount of $25,000.00, which will result in a net recovery to the bankruptcy estate in the amount of $8,866.44 (the "Settlement Amount").   Attached as Exhibit "A" is a copy of the Closing Statement relating to the settlement.

7.     From the gross Settlement Amount, it is proposed that Bardawil be paid her 40% contingency fee, in the amount of $10,000.00.  In addition, two liens will be paid in the amount of $5,285.06, as set forth in the attached Exhibit "A".  Other enumerated expenses to be paid from the gross Settlement Amount are set forth in the attached Exhibit "A".

8.     The Trustee believes that this settlement should be accepted and is in the best interest of the bankruptcy estate.

9.     The Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness.  *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).  The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise:  (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.  *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), *cert. denied* 498 U.S. 959 (1990).

---

10.     The Trustee respectfully submits that application of these principles compel approval of the settlement as set forth above.  The Trustee further submits that the foregoing settlement does not fall below the lowest point in the range of reasonableness.

11.     The Trustee believes that litigation of the personal injury claim would result in no greater recovery for the bankruptcy estate, and would only create an undue burden on the bankruptcy estate.

12.     Accordingly, the Trustee believes that the contemplated settlement is in the best interest of the bankruptcy estate and would therefore request that the Court enter an order approving the aforementioned settlement.

13.     The Trustee further requests that the Court approve the payment of Bardawil's 40% contingency fee associated with the settlement (in the amount of $10,000.00), the reimbursement of all of Bardawil's costs (in the amount of $8,48.50), the payment of a liens (in the amount of $5,285.06) and all other enumerated expenses set forth in the Closing Statement attached hereto as Exhibit "A".

14.     The Trustee believes that Bardawil's compensation complies with 11 U.S.C. § 328 and that she has provided a substantial benefit to the bankruptcy estate.

WHEREFORE, the Trustee respectfully requests the Court enter an Order: (1) approving the above-referenced settlement between the Trustee and Harvey; (2) approving the payment of the contingency fee and reimbursement of costs to Bardawil, as well as other disbursements described above, as set forth in the Closing Statement attached hereto as Exhibit "A"; and (3) granting such other and further relief as the Court deems just and proper.

Dated: November 3, 2016.          LEIDERMAN SHELOMITH ALEXANDER
+SOMODEVILLA, PLLC
Attorneys for the Trustee
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
       FELIPE PLECHAC-DIAZ
       Florida Bar No. 105483
       fpd@lsaslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on all parties listed on the attached creditor matrix on November 3, 2016.

By:_____/s/_____
       Felipe Plechac-Diaz

# EXHIBIT A

# <u>CLOSING STATEMENT</u><br><u>OF HALA MASSANI</u>

Case No. 10-16153 CA-25

Date of Loss:  March 15, 2006

| | |
|---|---|
| Gross Settlement Amount: | $25,000.00 |
| Minus 40% to Law Office of Rima C. Bardawil, P.A.:<br>$10,000.00 | - |
| Balance: | $15,000.00 |

Minus Costs:        -$848.50                          - $14,151.50

($500.00 Filing and Service of Process fees, $80.00 copies and postage, $3.00
Court Parking Fees and $ 265.50 Mediation Fees (pro-rated between both cases), and
Mileage)

| **Medicals** | **Total Charges** | **Reduced To** |
|---|---|---|
| LIEN - Hialeah Medical Associates | $12,700.00 | $4,500.00 |
| Eiber Radiology | $3,466.00 | $0.00 |
| Stand Up MRI of Miami | $2,771.06 | $0.00 |
| Medicare Lien | $785.06 | $785.06 |
| **TOTAL** | **$19,722.12** | **$5,285.06** |

**Balance**                                                                    **$8,866.44**